IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LUIS A. BAUZ GONZALEZ,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**PRESBYTERIAN COMMUNITY HOSPITAL, INC.; et al.**<br><br>    **Defendant.** | **CIVIL NO.  13-1886 (PAD)** |

**MEMORANDUM AND ORDER**

This is a medical malpractice action under Puerto Rico law. Before the Court are defendant's Presbyterian Community Hospital, Inc.'s ("PCH") "Motion for Partial Summary Judgment" (Docket No. 44), joined by Dr. Charles Cuff Negroni at Docket No. 47; and plaintiff's "Response in Opposition to Partial Motion for Summary Judgment" (Docket No. 46). For the reasons stated below, PCH's motion is granted to the extent it seeks dismissal of the inherited claims, and denied insofar as it seeks dismissal with prejudice.

**I.   RELEVANT BACKGROUND**

Plaintiff Luis A. Bauz-González seeks recovery for damages related to the treatment and premature death of his mother, Mrs. Mariana González-Pérez, which he attributes to defendants' negligence under Article 1802 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31 § 5141 (Docket No. 1).  In addition to his own damages, he seeks compensation on behalf of his deceased mother, for the physical and emotional damages she suffered prior to her death. Id. at ¶¶ 23-24.

Defendant PCH has moved for summary judgment alleging that Bauz is not the only heir of the deceased nor has he filed this case as a representative of the Estate of Mrs. Mariana González-Pérez (Docket No. 44).  It argues that plaintiff admitted the deceased had two sons and

two daughters who are not plaintiffs in this case.[1]  It is PCH's contention that, when a survivorship claim arising under Article 1802 does not include all heirs of the state, dismissal is warranted.  Id. at p. 5 (citing, Cruz-Gascot v. HIMA San Pablo-Bayamón, 728 F.Supp.2d 14, 26 (D.P.R. 2010); Aguayo-Cuevas v. PREPA, 286 F.R.D. 199 (D.P.R. 2012); Pino-Betancourt v. Hospital Pavia Santurce, 928 F.Supp. 2d 393 (D.P.R. 2013) and Casillas-Sánchez v. Ryder Memorial Hospital, 2013 WL 3943517 (D.P.R. 2013)).

Plaintiff does not contest that his mother had four other children, who are not parties here (Docket No. 49 at ¶ 4).  But he claims this does not mandate dismissal of the inherited claim.  In his view, Puerto Rico law does not require all heirs to participate in a lawsuit for inherited pain and suffering. Id. at pp. 8-11.

## II.     DISCUSSION

This Court evaluated this issue in Milagros Ruiz, *et al.* v. Presbyterian Community Hospital, Inc., Civil No. 12-1584 (D.P.R. June 20, 2014)(Docket No. 116), and in Reyes-Ortiz v. HIMA San Pablo-Bayamón, Civil No. 11-1273 (D.P.R. June 16, 2014) (Docket No. 142), acknowledging the split in this district regarding whether all the heirs are indispensable parties to a survivorship or inherited claim. Reyes-Ortiz at pp. 3-4.

After carefully examining the authorities the parties cited (including those plaintiff has cited), the Court held that all heirs are indispensable for a survivorship or inherited action to be brought.  Id. at p. 3.  In doing so, it agreed with the reasoning and conclusions of Cruz-Gascot and of the Report and Recommendation in Jiménez v. Bentley, Civil No. 12-1504 (ADC/SCC) (D.P.R. February 11, 2014)(Docket No. 175), adopted as relevant by Chief Judge Delgado-Colón on March

---

[1] To wit: Brenda Pimentel-González, Jesús Pimentel-González, Anita Mora-González, Ramses Pimentel-González.

31, 2014 (Docket No. 181). A thorough evaluation of plaintiff's position does not persuade the Court to deviate from its previous rulings.

### III.   CONCLUSION

Because all heirs are indispensable for a survivorship or inherited action, plaintiff is ordered to inform the Court, on or before May 26, 2014, whether he wants to pursue the inherited claim and be allowed to bring the absent heirs as parties to this case. That motion shall include a proposed schedule to complete the process of joining them. Otherwise, his claim for inherited pain and suffering will be dismissed on May 27, 2014. Contrary to PCH's request, however, dismissal of this claim will be without prejudice.

In any event, trial will begin as scheduled on July 13, 2015 at 9:30 a.m. Thus, PCH's "Motion for Continuance of Trial" at Docket No. 52 is DENIED. Notwithstanding the justified absence of attorney Irizarry-Millán, intervening time is sufficient for PCH's counsel to be adequately prepared for trial.

**SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of May, 2015.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
